IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL A. SPONENBERG, | : | |
| | : | |
| Plaintiff, | : | No. 4:CV-07-1300 |
| | : | |
| v. | : | (McClure, J.) |
| | : | |
| MICHAEL J. ASTRUE, | : | (Magistrate Judge Mannion) |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

June 16, 2008

**BACKGROUND:**

On July 17, 2007, plaintiff Crystal A. Sponenberg commenced this civil action under 42 U.S.C. §§ 405(g). Sponenberg appeals the Commissioner's decision to deny disability benefits and asserts that the Commissioner's decision was not supported by substantial evidence.

The matter was initially referred to United States Magistrate Malachy E. Mannion.

On April 3, 2008, Magistrate Judge Mannion filed a fourteen-page report and recommendation. (Rec. Doc. No. 10.) In his report, the magistrate judge concluded that the ALJ's conclusion was supported by substantial evidence and

recommended denying plaintiff's appeal.  (Id.)

On April 15, 2008, plaintiff filed objections to the report and recommendation.  (Rec. Doc. No. 11.)  On April 24, 2008, defendant filed a response to plaintiff's objections.  (Rec. Doc. No. 12.)  For the following reasons, we will decline to adopt the magistrate judge's report and recommendation and will grant plaintiff's appeal and remand the case to the Commissioner for further proceedings.

**DISCUSSION:**

### I.  Standard of Review

We have jurisdiction to hear this claim pursuant to 42 U.S.C. § 405(g).  Our role is to determine whether there is substantial evidence in the administrative record to support the Commissioner's decision and findings of fact.  42 U.S.C. § 405(g); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).  "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (quoting Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  "It is less than a preponderance of the evidence but more than a mere scintilla."  Id.  The substantial evidence standard is a deferential standard of

review.  Id.

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects.  L.R. 72.3.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

## II.  Analysis

There is a five-step evaluation process to determine whether an individual is disabled for purposes of Supplemental Security Income disability benefits.  20 C.F.R. § 416.920.  The Commissioner must sequentially determine: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe impairment; (3) whether the applicant's impairment meets or equals a listed impairment; (4) whether the applicant's impairment prevents the applicant from performing past relevant work; and (5) whether the applicant's impairment prevents the applicant from doing any other work, taking into consideration the applicant's residual functional capacity, age, education and work experience.

The instant action was ultimately decided at the fifth step of the evaluation process.  The ALJ concluded that plaintiff retained the residual functional capacity to perform work at the sedentary exertional level with certain restrictions, and that such work existed in significant numbers in the national economy.  (Tr., Rec. Doc.

No. 7, at 17-19.)

In her objections, plaintiff asserts that the magistrate judge erred by failing to address the Appeals Council's failure to address new and material evidence that was submitted after the ALJ had made his decision. (Rec. Doc. No. 12, at 2.) Furthermore, he asserts that there is a reasonable possibility that this evidence would have changed the ALJ's determination. (Id. at 3.)

The ALJ heard plaintiff's case on September 6, 2006. On September 7, 2007, plaintiff underwent a cervical MRI and the results of this MRI were submitted to the ALJ, who had kept the record open because he knew of the MRI appointment. The ALJ then issued his decision on October 20, 2006 to deny disability benefits. After this decision, Rodwan K. Rajjoub, M.D. identified a herniated disc in the MRI which motivated him to perform surgery on October 25, 2006. Plaintiff contends that Dr. Rajjoub's records identifying the herniated disc and the records of the surgery were then submitted to the Appeals Council, who did not reference them in their decision to uphold the ALJ's determination.

20 C.F.R. § 404.970(b), which is cited by plaintiff, states:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review

>the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

Similarly, 42 U.S.G. § 405(g) permits a court to remand a social security appeal in order for additional evidence to be taken "if there is a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." This evidence must be new and not merely cumulative of what is already in the record. Szubak v. Sec. of Health and Human Serv., 745 F.2d 831, 832 (3d Cir. 1984) (citing 42 U.S.C. § 405(g)). Second, the evidence must be material, which means that it must be relevant and probative. Id. (citation omitted). Furthermore, materiality requires that there be a reasonable possibility that the new evidence would have changed the outcome of the case. Id. (citations omitted). The evidence must also relate to the time period for which benefits were denied, and not evidence of a later acquired disability or subsequent deterioration of a previously non-disabling condition. Id. (citations omitted).

In its decision, the Appeals Council stated that it looked at plaintiff's September 7, 2006 MRI and found that it was a duplicate of an exhibit already before the ALJ when he made his decision. (Tr., Rec. Doc. No. 7, at 6.) Of course, this is correct because the record had been kept open for this MRI and the ALJ therefore did consider this evidence. In other words, this evidence was not "new"

under § 404.970(b). Yet, the Appeals Council makes no mention of Dr. Rajjoub's report identifying the herniated disc and the report of the surgery that he performed. These records were obtained after the ALJ issued his decision and were submitted to the Appeals Council.

Because the Appeals Council makes no mention of this evidence, we have no way of knowing whether the Appeals Council determined that such evidence was not material or whether such evidence was simply ignored. Third Circuit case law requires an ALJ to set forth the reasons for his or her decision, including evidence that was considered which supports the result and some indication of evidence that was rejected. Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). The purpose of this requirement is to allow a reviewing court to determine whether evidence was not credited or was simply ignored, which is necessary for meaningful judicial review. Id. We believe this requirement extends to the Appeals Council, which is required to consider new evidence under 20 C.F.R. § 404.970(b). See Threet v. Barnhart, 353 F.3d 1185 (10th Cir. 2003) (concluding that remand was necessary when the Appeals Council gave no indication that it complied with 20 C.F.R. § 404.970(b) and considered newly submitted materials).

Although defendant argues that this new evidence is not material (Rec. Doc. No. 13, at 3-4), we do not believe it is our role to make such a determination. 42

U.S.G. § 405(g) authorizes a remand to "order additional evidence to be taken before the Commissioner of Social Security" if there is "new evidence which is material." Yet, in the instant case, this evidence is not "new" for the purposes of § 405(g) because it was already before the Commissioner when the final decision was rendered. Only if it had come into existence after the Appeals Council's decision would it be "new" for the purposes of § 405(g). Thus, it was the Appeals Council's duty under 20 C.F.R. § 404.970(b) to make a determination of whether this evidence was new and material and if so, to evaluate the entire record to determine whether the ALJ's decision is contrary to the weight of the evidence in the record including the new evidence. Therefore, we will grant plaintiff's appeal and remand the case to the Commissioner to make such a determination and to fully explain its determination on the record.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's appeal is granted and the case is remanded to the Commissioner to make a determination of whether the reports of Dr. Rajjoub are new and material and if so, whether the ALJ's decision is contrary to the weight of the evidence in the record including the new evidence. This determination shall be fully explained on the record

2. We will decline to adopt the report and recommendation of United States Magistrate Malachy E. Mannion. (Rec. Doc. No. 10.)

3. The clerk is directed to close the case file.

s/James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge